1. WILL—CONSTRUCTION—RESIDUARY BEQUEST
    Testator gave his residuary estate to trustees to invest and pay the income and an annuity to his nephew for life and on his death to pay the remainder to his children, share and share alike, the share of any prior deceased child to be divided among its issue, if any; otherwise to go to the surviving children. Held, that the distribution was to a class which could not be determined until the death of the nephew.

2. SAME—TESTAMENTARY TRUST—TERMINATION BY BENEFICIARIES.
    Where testator gave his property in trust, the income to go to his nephew, and on his death to be divided among the children of his nephew or the issue of any surviving, the nephew could not, under the personal property law (Laws 1897, p. 508, c. 417, § 3), terminate the trust by procuring conveyances from his children to himself of their interest in the remainder, and releasing his interest in the income and the annuity to which he was entitled for life under the will, especially where the con-

veyances were made after that part of section 3 authorizing this manner of terminating a trust in personalty was "stricken out" by Laws 1903, c. 87, which became a law prior to such date.

In the matter of the estate of Esther Gibson, deceased. Decree sustaining account of executor.

R. L. Saunders, for executor.

Moore & Moore, for William J. Stewart and others.

Westbury & Fries, for trustees.

Ernest B. Millard, for infant defendants.

BENTON, S. Application is made in behalf of William J. Stewart that the executors be directed to pay to him the whole of the residuum of the estate. The contention turns upon the intent of the testator as expressed in the following provisions of her will, and the legal effect of those provisions:

"Third. It is my express will and I hereby direct that all the rest, residue and remainder of my estate, whether real, personal or mixed, and of whatever kind, wherever situated, be placed in the hands of William L. Ryan, of Des Moines, Iowa, and his father, David Ryan, of Des Moines, Iowa, as my trustees, and in trust for my nephew, William John Stewart, son of my deceased sister, Susan Gibson Stewart, and his heirs after him, as hereinafter expressed.

"It is my will and I hereby direct that my said trustees, or the survivor in case there should be but one living, shall at once turn over to my said nephew all my household goods of every kind, my personal clothing and jewelry. All the rest of my said estate, whether, real, personal, or mixed, and wherever situated, they shall hold in trust, and that my real estate, if any there be, be sold by the said trustees and they shall place the proceeds at interest.

"And I further direct that all moneys belonging to my said estate shall by my said trustees be placed at interest. And I further direct that annually there shall be paid to my said nephew, William John Stewart, during his life, all the interests, rents or profits arising or derived under this trust by my said trustees as trustees.

"And I further direct that annually, commencing on the first day of January, year of our Lord, nineteen hundred and twelve, there be paid in addition to said interest, rents and profits, to my said nephhew, the sum of two hundred dollars from the principal held in trust by my said trustees as trustees.

"And I further direct that at the death of my said nephew, my said trustees shall then pay all the rest, residue and remainder of my estate to the children of my said nephew, share and share alike. If any of them are deceased and have issue, their child or children shall have their share, otherwise it shall be divided among the surviving children."

William J. Stewart is 53 years old. He now has six children. Evidence is given tending to show that all the children have conveyed their property rights under this will by conveyances valid in the territory of Oklahoma, where all of them reside, and that he has released his interest in the income and the annuity provided for in said will. He claims, therefore, that the trust created by the will has terminated, and that he is entitled to the whole of the trust fund.

It was expressed clearly by the testator that the trust should continue during the life of the nephew, and that upon his death the trustees shall "then" pay the remainder of the trust fund to his children, share and share alike, and in the event of the decease of any such child of said life tenant, the share of such child shall be divided among

his or her issue, if any; otherwise it goes to the surviving children of said life tenant. It is therefore manifest that until the death of the said life tenant it cannot be certainly known who will share in this fund. It is true that, were he to die now, the interests in the fund would pass to those who have conveyed to him, and, if there were no possibility of other interests intervening before the distribution, he could be said to have acquired all the remainder, and therefore be in position to make the release provided by the statute under which he claims. This distribution is to a class, and therefore all who are in that class at the time of distribution, which is fixed by the testator at the death of the life tenant, are entitled to share. Hence, if there be children born to the life tenant between this and his death, they will come in; or, if any of his present children die, the share of the one so dying will go under the will to his or her children, or, in default thereof, to his or her surviving brothers and sisters. These contingent interests are not conveyed and cannot be conveyed, because there is no person in being capable of conveying them, and these are interests which are as effectually conserved by the terms of the will as those of the present living chidren of said life tenant, and must be as carefully protected by the courts.

The case cited by counsel in Re United States Trust Company, 175 N. Y. 304, 67 N. E. 614, uses this emphatic language (page 311, 175 N. Y., and page 615, 67 N. E.):

"Whatever may be, in other respects, the true construction of the real and personal property laws providing for the termination of trusts, plainly they do not authorize the destruction of the property rights of persons who may thereafter come into being."

The life tenant claims to be within this provision of section 3, c. 417, p. 508, of the Laws of 1897, namely:

"Whenever a beneficiary in a trust for the receipt of the income of personal property is entitled to a remainder in the whole or a part of the principal fund so held in trust, subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such income, and thereupon the estate of the trustee shall cease in that part of such principal fund."

I hold he has not done this, because, while the remainder is doubtless vested in his present children, it is subject to be divested by the birth of any other children to him so as to let them in, and also becomes divested by the death of any of his children prior to his so as to let in the other beneficiaries named upon such contingency, and therefore the whole remainder cannot be absolutely vested in any persons so as to be conveyed prior to his death. Again, this provision of the statute was amended by chapter 87, p. 239, of the Laws of 1903, which provides that the rights of the beneficiary to enforce the performance of a trust to receive the income of personal property and to apply it to the use of any person cannot be transferred by assignment or otherwise, etc. This amendment became law March 25, 1903, while the assignment of the remainders were not made to the life tenant until October 30, 1903. Until that time in no event was he in position to give the release necessary to terminate the trust by the provisions of the law of 1897, and at that time that law had been so amended that it did not authorize such release. Upon both

grounds, therefore, I hold that the contention of the life tenant is not sustained, that the trust has not terminated, and that the trust fund must be paid by the executor to the trustees named in the will. Findings and a decree may be drawn and entered accordingly.

Decreed accordingly.